## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL J. GHIACIUC,

      Plaintiff,

v.

BANK OF AMERICA, N.A., a foreign
corporation, BAC HOME LOANS
SERVICING, LP, a foreign limited
partnership, NATIONSBANC
MORTGAGE CORPORATION,
NATIONSBANK CORPORATION,
both foreign corporations, FANNIE
MAE a/k/a FEDERAL NATIONAL
MORTGAGE ASSOCIATIONS, Jointly
and Severally,

      Defendants.

Case No. _____

Hon. _____

Removed from: Macomb County Circuit Court
Case No. 13-0926
Hon. Edward A. Servitto

---

## NOTICE OF REMOVAL FROM STATE COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, the above-captioned action, which is currently pending in the Circuit Court for the County of Macomb in the State of Michigan is hereby removed by Defendants Bank of America, N.A. ("BANA"), individually and as successor by merger to BAC Home Loans Servicing, LP and NationsBanc Mortgage Corporation, Bank of America Corporation ("BOA") as successor by merger to NationsBank Corporation, and Federal National Mortgage Association ("Fannie Mae") to the United States District Court for the Eastern District of Michigan, by the filing of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Michigan. As grounds for removal, BANA states as follows:

1.    On or about May 22, 2013, Plaintiff filed an action in the Circuit Court for the County of Macomb, State of Michigan, entitled *Michael J. Ghiaciuc v. Bank of America, N.A., et al.*, Case No. 13-0926 CK (the "State Court Action").

2.    Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings served upon BANA in the State Court Action are attached hereto as **Exhibit 1**.

3.    BANA was first served with the Summons and Complaint on May 23, 2013. BOA and Fannie Mae have not been served with the Summons and Complaint.

4.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within 30 days after BANA's receipt of the Summons and Complaint.

5.    This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).  The Macomb County Circuit Court is located in the Eastern District of Michigan.

## FEDERAL QUESTION EXISTS

6.    This action is removable to this Court under 28 U.S.C. § 1441(a), because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7.    Plaintiff's allegations arise out of a loan obtained by Plaintiff which was secured by a mortgage against real property and events that allegedly occurred concerning the servicing and collection of the loan and the foreclosure of the property.

8.    This case is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiff's Complaint purports to assert federal causes of action against defendants arising out of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, *See* **Exhibit 1**, Complaint.  Thus, this case is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2

9.     Accordingly, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, because Plaintiff's Complaint is founded upon claims or rights arising under the laws of the United States.

10.    Because this Court has original jurisdiction over 28 U.S.C. § 1331, and because all other prerequisites for removal have been satisfied, this action is removable under 28 U.S.C. § 1441.

THEREFORE, Defendant BANA, BOA, and Fannie Mae hereby remove the State Court Action from the Circuit Court of Macomb County, State of Michigan, to this Court, and request that the Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State court.

Dated: June 21, 2013

Respectfully submitted,

BODMAN PLC

By:    /s/Trevor M. Salaski
       Trevor M. Salaski (P74703)
       6th Floor at Ford Field
       1901 St. Antoine
       Detroit, MI  48226
       313.259.7777
       tsalaski@bodmanlaw.com
       *Attorneys for Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP*

3

### Certificate of Service

I hereby certify that on June 21, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Joseph H. McKoan IV
Law Offices of McKoan, McKoan & McKoan
8061 Marsh Road
PO Box 312
Algonac, MI 48001
*Counsel for Plaintiff*

BODMAN PLC

By:  /s/Trevor M. Salaski
        Trevor M. Salaski (P74703)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, MI  48226
313.259.7777
tsalaski@bodmanlaw.com
*Attorneys for Bank of America, N.A., successor*
*by merger to BAC Home Loans Servicing, LP*

Detroit_1317909_1

# EXHIBIT 1

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court | 2nd copy - Plaintiff |
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>16th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>13--0926 CK |
|---|---|---|

Court address                  Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s).<br>MICHAEL GHIACIUC | v | Defendant's name(s), address(es), and telephone no(s).<br>BANK OF AMERICA, ET AL |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>JOSEPH H. McKOAN IV (P55642)<br>Attorney for Plaintiff<br>8061 Marsh Road, PO Box 312<br>Algonac, MI 48001<br>810-794-9379 | | |

**SUMMONS**  **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>5/17/13 | This summons expires<br>6/5/13 | Court clerk<br>Carmella Sabaugh |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

This document must be sealed by the seal of the court.

**COMPLAINT**  *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Macomb County Michigan | Defendant(s) residence (include city, township, or village)<br>Macomb County, MI |
|---|---|
| Place where action arose or business conducted<br>County of Macomb, City of New Baltimore, State of Michigan | |

| 3/6/13 | Joseph H. McKoan |
|---|---|
| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. 13--0926 CK |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
   List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____  Signature: _____
                          Date                            Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                    Attachments

_____ on _____
                                         Day, date, time

                                    on behalf of _____

Signature _____

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

MICHAEL J. GHIACIUC,

PLAINTIFF,

V.

CASE #: 13-0986-CK
HONORABLE:
EDWARD A. SERVITTO

BANK OF AMERICA, NA a foreign corporation,
BAC HOME LOANS SERVICING, LP, a foreign
limited partnership,Nationsbanc Mortgage
Corporation, Nationsbank,Corporation, both
foreign corporations, Fabizio & Brook,
a Michigan Professional Service Corporation,
Jointly and Severally.

DEFENDANTS.



## VERIFIED COMPLAINT

NOW COMES, PLAINTIFF, MICHAEL J. GHIACIUC, by and through his attorney
and for this Verified Complaint states as follows:

### PARTIES. JURISDICTION AND VENUE

1. Plaintiff, Michael J. Ghiaciuc is a resident of the County of St.
Clair, State of Michigan.

2. Defendant, Bank of America, N.A., is a foreign corporation doing
business in the County of MACOMB, State of Michigan.

3. Defendant, BAC Home Loans Servicing, L.P. is a foreign limited
partnership doing business in the County of MACOMB, State of Michigan.

4. Defendant, Nationsbank Corporation is a foreign corporation doing
business in the County of MACOMB, State of Michigan.

5.   Defendant, Trott & Trott, P.C., is a Michigan Professional
Service Corporation doing business in the County of MACOMB State of
Michigan.

6.   This dispute involves certain real property situated within the
County of MACOMB  more fully and particularly described as follows:

    35595 HAMER STREET NEW BALTIMORE, MI  48047
    TAX ID #:  09-24-203-018

    The complete legal description is attached hereto and made a part
hereof within the Sheriff Deed on Mortgage Sale. Exh. A.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

MICHAEL J. GHIACIUC,

                    PLAINTIFF,

                                        CASE #: 13:0926 CK
V.                                      HONORABLE: Edward A. Servitto

BANK OF AMERICA, NA a foreign corporation,
BAC HOME LOANS SERVICING, LP, a foreign
limited partnership,Nationsbanc Mortgage
Corporation, Nationsbank,Corporation, both
foreign corporations, FANNIE MAE a/k/a
Federal National Mortgage Association
Jointly and Severally.

                    DEFENDANTS.

RECEIVED
MAY 2 2 2013
CARMELLA SABAUGH
MACOMB COUNTY CLERK

---

SECOND AMENDED
VERIFIED COMPLAINT

NOW COMES, PLAINTIFF, MICHAEL J. GHIACIUC, by and through his attorney
and for this Verified Complaint states as follows:

### PARTIES. JURISDICTION AND VENUE

1. Plaintiff, Michael J. Ghiaciuc is a resident of the County of St.
Clair, State of Michigan.

2. Defendant, Bank of America, N.A., is a foreign corporation doing
business in the County of MACOMB, State of Michigan.

3. Defendant, BAC Home Loans Servicing, L.P. is a foreign limited
partnership doing business in the County of MACOMB, State of Michigan.

4. Defendant, Nationsbank Corporation is a foreign corporation doing
business in the County of MACOMB, State of Michigan.

5.     That upon information and belief, Defendant Fannie Mae shares an
interest in the real property due to actions of Bank of America.

6.     This dispute involves certain real property situated within the
County of MACOMB  more fully and particularly described as follows:

     35595 HAMER STREET NEW BALTIMORE, MI  48047
     TAX ID #:  09-24-203-018

     Land in the City of New Baltimore, Macomb County, Michigan,
     described as follows: A part of Lot 6 of Assessor's No. 14, of
     Lot 363 of Assessor's Plat No. 12, of part of fractional section
     24, and Private Claim 343, Town 3 North, Range 14 East, of part

of the City of New Baltimore, Macomb County, Michigan, Beginning at the Northeast corner of said Lot 6; thence West along the North Line of said Lot 6, a distance of 50 feet to the point of beginning; thence West along the North Line of said Lot 6, a distance of 61.75 feet; thence South to the South line of said Lot 6 to a point on said line which is 119.79 feet West from the Southeast corner of said Lot 6; thence East along said South line a distance of 69.79 feet; thence North to the point of beginning.

The complete legal description is attached hereto and made a part hereof within the Sheriff Deed on Mortgage Sale. Exh. A.

7.    This Honorable Court has jurisdiction over this matter as the amount in controversy exclusive of interest and costs, exceeds the sum of twenty five thousand and 00/ 100 ($25,000.00) Dollars and this case is otherwise within the equitable jurisdiction of this Honorable Court.

8.    Venue is properly stated in this Honorable Court as this action relates to real property located in the County of MACOMB, State of Michigan and the cause of action herein arose in the County of MACOMB, State of Michigan.

## GENERAL ALLEGATIONS

9.    The property more fully described above is owned by Plaintiff Michael J. Ghiaciuc.

10.    That Plaintiff entered into a Mortgage Loan contract with Defendants at which time a Promissory Note was executed securing the property in question.

11.    The subject Mortgage was filed with the MACOMB COUNTY Records securing the repayment of the subject Promissory Note.

12.    Pursuant to the repayment plan for the Promissory Note and Mortgage, entered into, Plaintiff was to pay the monthly sum to Defendant

13.    Said Promissory Note and Mortgage referred to within this complaint were both prepared by Defendant Bank of America NA.

14.    At no time was the promissory note and mortgage ever assigned to Bank of America, N.A. and/or Defendant, Nationsbank Corporation and/or Defendant, BAC Home Loans Servicing, L.P.

15.    The interests of Defendant, Nationsbanc Mortgage Corporation in the subject Promissory Note and Mortgage were never transferred to Defendant, BAC Home Loans Servicing, L.P. and/or Bank of America, N.A.

16.    The interests of Defendant, Nationsbanc Mortgage Corporation in the subject Promissory Note and Mortgage were never transferred to Bank of America Mortgage Corporation.

17.    A foreclosure notice that it was foreclosing Plaintiffs property for and on behalf of Defendant Nationsbanc Mortage Corporation. Previous thereto, Fabizio & Brook, PC indicated affirrnatively that it was working for Defendant BAC Home Loans Servicing, Inc.

18.   Said foreclosure sale was to take place on SEPTEMBRER 7, 2012 at 1:00 p.m.

19.   Even after this notice, Defendant informed Plaintiff that Defendant BAC Home Loans Servicing, LP directed that the instant foreclosure be started. There is no mention of Defendant Nationsbanc Mortgage Corporation.

20.   The subject mortgage, moreover, does not give to any Servicer the right to declare a default in the mortgage, reserving that right exclusively to the Lender.

21.   Defendant Bank of America, NA and Defendant BAC Home Loans Servicing, LP again returned Plaintiffs mortgage payment because funds were not certified.

22.   Defendant by way of counsel wrote to Plaintiff informing him again that said Defendant represented Defendant BAC Home Loans Servicing, LP and setting forth what purports to be reinstatement necessary to stop the foreclosure. These sums include an amount which is wholly unknown, legal fees for services wholly unknown and late charges even though Plaintiff never was late EVER in making his mortgage payment.

23.   Defendants have threatened to take and seize said real property pursuant to a foreclosure by advertisement and now Defendant Fannie Mae seeks to evict and gain possession of Plaintiff's property.

24.   The proposed action of said Defendants has resulted in continual harm to Plaintiff in that Plaintiff stands to lose his property upon a facially defective and invalid notice of foreclosure where Defendant, Nationsbanc Mortgage Corporation has no interest in the mortgage which is being foreclosed and the real party in interest has asserted no such intent to foreclose this real property. Defendant has refused to act in accord with the law.

**COUNT I**
**INJUNCTIVE RELIEF**

25.   Plaintiff herein adopts and incorporates by reference each and every allegation contained within paragraphs one (1) through eighty two (82) above inclusive as though set forth more fully herein.

26.   The action of Defendants has affected and is affecting Plaintiffs interests in his real property with Plaintiff currently having to defend an eviction and possession complaint brought by Fannie Mae.

27.   The action threatened by Defendants is wrongful, reckless, malicious and designed to harm Plaintiffs interests in said real property.

28.   There is no adequate remedy at law for the loss of Plaintiffs real property where the action taken by Defendants is contrary to law.

29.    During the pendency of this litigation and, thereafter, an injunction will prevent Defendants from further continuing the aforestated wrongful disposition o Plaintiffs real property interests and will benefit the public interest far beyond any harm imposed upon Defendants to comply with the dictates of the law.

30.    There is every reason to believe that Plaintiff will prevail upon the merits herein where it is clear that the actions of Defendants are not susceptible of any legitimate explanation or authorization.

31.    No citizen of the State of Michigan should be made subject to acts which are clearly prohibited by law and irreparable injury will result to Plaintiff if injunctive relief is not granted both, temporarily, preliminarily and permanently thereafter.

32.    There is no adequate remedy at law for the perpetration of such illegal activity by the Defendants as more fully set forth in the attached Motion for Temporary Restraining Order and Brief in Support adopted by reference.


WHEREFORE, Plaintiff, MICHAEL J. GHIACIUC, respectfully prays that this Honorable Court enter a Temporary Restraining Order and/or schedule this matter for a show cause hearing and thereafter, during the pendency of this matter, permit a Preliminary Injunction and thereafter a Permanent Injunction against Defendants, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, INC., NATIONSBANC MORTGAGE CORPORATION, NATIONSBANK CORPORATION enjoining said Defendants and their agents, employees and assigns from interfering with, taking, converting, laying dominion over or in any manner altering, absconding, selling or otherwise disposing the subject real property of Plaintiff on **March 7, 2013** or at anytime without further order of this Honorable Court together with such other and further relief as this Honorable Court deems just.

## COUNT II
### INTENTIONAL INTERFERENCE WITH QUIET ENJOYMENT
### OF PROPERTY

33.    Plaintiff herein adopts and incorporates by reference each and every allegation contained above inclusive as though set forth more fully herein.

34.    The wrongful effort to dispossess Plaintiff, without correction, where Defendants had the opportunity to so correct the same and failed to do so, is an intentional interference with the quiet enjoyment of Plaintiffs real property causing damage to Plaintiff by Defendants to the detriment of Plaintiff.

35.    Said interference was caused by Defendant, Bank of America, NA, Defendant, BAC Home Loans Servicing, LP, Defendant, Defendant, Defendant Nationsbanc Mortgage Corporation, Nationsbank Corporation, Said interference was done intentionally and or in reckless disregard for the time of the matters at issue, with willful malice and or gross recklessness and/or negligence, where Defendants refused to stop said

facially defective and illegal foreclosure sale despite knowing the facts herein.

36.   That upon information and belief, Defendant Bank of America, NA assigned their interest in said property on or about December 3, 2012 to Fannie Mae without legal authority, authorization, or justification and in direct contravention of the laws upon which they are relying upon.

37.   That as a direct result of Defendants actions, it has caused further damage to Plaintiff including but not limited to Fannie Mae attempting to evict Plaintiff from possession of the premises.

WHEREFORE, Plaintiff, MICHAEL J. GHIACIUC, respectfully prays that this Honorable Court enter a Judgment in its favor and against Defendants, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, NATIONSBANC MORTGAGE CORPORATION, NATIONSBANK CORPORATION, jointly, individually and severally in an amount in excess of twenty five thousand and 00/100 ($25,000.00) Dollars as well as treble damages upon the same together with such other and further relief as this Honorable Court deems just and equitable together with an award of costs, interest and attorney fees so wrongfully incurred.

## COUNT III
## BREACH OF CONTRACT

36.   Plaintiff herein adopts and incorporates by reference each and every allegation contained above inclusive as though set forth more fully herein.

37.   Plaintiff entered into a contract with Defendant Bank of America which was purportedly assigned to Defendant, Nationsbanc Mortgage Corporation, in which Defendant, Nationsbanc Mortgage Corporation, its successors and assigns, would be bound by the rights and obligations of the Lender as set forth within that mortgage document.

38.   Said Defendant was supposed to act consistently under the terms of said contractual agreement in a responsible manner as a fiduciary respecting the rights of Plaintiff in his property.

39.   Said Defendant refused to perform pursuant to and consistent with the limitations contained in the mortgage document impennissibly delegating duties, by omission or commission, to other Defendants and/or seeking to have those Defendants act in contravention of the morals and laws of the State of Michigan and/or acting with respect to Plaintiffs property when the only legitimate entity which has standing to act therein is Bank of America Mortgage Corporation.

40.   Plaintiff has suffered damages as a direct and proximate cause of the breach of contract perpetrated by said Defendant and stands to suffer even greater damages through the uninterrupted actions and omissions of said Defendant, including, without limitation the incursion of costs and attorney fees.

WHEREFORE, Plaintiff, MICHAEL J. GHIACIUC, respectfully prays that this Honorable Court enter a Judgment in its favor and against

Defendant, NATIONSBANC MORTGAGE CORPORATION providing the following relief:

A. Awarding to Plaintiff an amount in excess of twenty five thousand and 00/100 ($25,000.00) Dollars as the proofs may allow and to be determined by this Honorable Court as damages against said Defendant for this breach of contract cause of action;

B. Awarding to Plaintiff his actual expenses, costs, interest and attorney fees in the prosecution of this matter;

C. Awarding to Plaintiff such other and further relief as this Honorable Court determines to be appropriate under the circumstances and in the exercise of this Honorable Court's equitable discretion.

**COUNT IV**
**WRONGFUL FORECLOSURE**

41.   Plaintiff herein adopts and incorporates by reference each and every allegation contained above inclusive as though set forth more fully herein.

42.   Defendant Bank of America, through counsel instituted a foreclosure by advertisement action against Plaintiff by filing a Notice of Foreclosure in a newspaper in MACOMB County Michigan. This was after allegedly Defendant's informed Plaintiff that it was associated with Defendant, BAC Home Loans Servicing, LP which purportedly declared a default in Plaintiffs mortgage.

43.   Plaintiff never caused a default in his mortgage, having made all payments timely in accord with his mortgage agreement.

44.   One or more of the Defendant never properly corrected Plaintiffs mortgage account and never allowed the holder of the Promissory Note, Bank of America Mortgage Corporation to act in this matter.

45.   The foreclosure of Plaintiff's property is wrongful and fails to properly comply with the strict dictates of the foreclosure by advertisement statute in the State of Michigan.

46.   That Defendant unilaterally and without just cause returned Plaintiffs' mortgage loan payments for the reason that they are not certified funds.  Defendant continues this action as of this complaint.

47.   Moreover, the foreclosure of Plaintiffs property is wrongful where any default, if there ever was one, was created wholly by Defendants and not at all by Plaintiff.

48.   That upon information and belief, Defendant Bank of America NA, has continued its impropriety by seemingly and unilaterally assigning its interest in the said property to Fannie Mae, without justification, authority, or authorization and in furtherance of the contravention of the statutes of which Defendants rely.

49.   The actions of Defendants have caused and are causing Plaintiff harm and damages, including without limitation, the incursion of costs

and attorney fees, mental aggravation, anxiety, harassment, embarrassment and wrongful termination of Plaintiffs right to his real property.

WHEREFORE, Plaintiff, MICHAEL J. GHIACIUC, respectfully prays that this Honorable Court enter a Judgment in its favor and against Defendants, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, NATIONSBANC MORTGAGE CORPORATION, NATIONSBANK CORPORATION, jointly, individually and severally in an amount in excess of twenty five thousand and 00/ 100 ($25,000.00) Dollars as well as treble damages upon the same together with such other and further relief as this Honorable Court deems just and equitable together with an award of costs, interest and attorney fees so wrongfully incurred.

## COUNT V
## TRESPASS

50.   Plaintiff herein adopts and incorporates by reference each and every allegation contained above inclusive as though set forth more fully herein.

51.   Defendants BAC Home Loans Servicing, LP and Bank of America, NA, committed an intended and unauthorized direct and/or immediate intrusion of a physical, tangible control onto land over which Plaintiff had a right of exclusive possession.

52.   Defendants, Bank of America, NA and BAC Home Loans Servicing, LP committed such a direct and/or immediate invasion by means which said Defendants knew or reasonably should have known would result in the physical invasion of Plaintiffs land.

53.   As a direct and proximate cause of such trespass, Bank of America, NA and BAC Home Loans Servicing, LP committed an appreciable intrusion upon Plaintiffs land.

54.   As a direct and proximate cause of such trespass, Bank of America, NA and BAC Home Loans Servicing, LP caused Plaintiff damages, including but not limited to damage to Plaintiffs property, mental anguish, anxiety and the wrongful incursion of costs and attorney fees.

WHEREFORE, Plaintiff, MICHAEL J. GHIACIUC, respectfully prays that this Honorable Court enter a Judgment in its favor and against Defendants BAC HOME LOANS SERVICING, LP and BANK OF AMERICA, NA, jointly, individually and severally providing the following relief:

A. Awarding to Plaintiff an amount in excess of twenty five thousand and 00/ 100 ($25,000.00) Dollars as the proofs may allow and to be determined by this Honorable Court as damages against said Defendant for this breach of contract cause of action;

B. Awarding to Plaintiff his actual expenses, costs, interest and attorney fees in the prosecution of this matter;

C. Awarding to Plaintiff such other and further relief as this Honorable Court determines to be appropriate under the circumstances and in the exercise of this Honorable Court's equitable discretion.

## COUNT VI
## FAIR DEBT COLLECTION PRACTICES ACT VIOLATION

55.   Plaintiff herein adopts and incorporates by reference each and every allegation contained above inclusive as though set forth more fully herein.

56.   At all relevant times, Defendants, Bank of America, N.A., BAC Home Loans Servicing, L.P., Nationsbanc Mortgage Corporation, Nationsbank Corporation were attempting to collect a debt as defined at 15 USC 1692a(5).

57.   The aforestated Defendants in the immediately preceding paragraph, in attempting to collect a consumer debt from the Plaintiff violated the following provisions of the Fair Debt Collection Practices Act: a. 15 USC 1692a, b. 15 USC 1692e, c. 15 USC 1692f and d. 15 USC 1692g.

58.   Plaintiff is entitled to damages of $1,000.00 for these violations, plus costs, and attorneys' fees from the above referenced Defendants.

59.   WHEREFORE, Plaintiff, MICHAEL J. GHIACIUC, respectfully prays that this Honorable Court enter a Judgment in his favor and against Defendants, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, NATIONSBANC MORTGAGE CORPORATION, NATIONSBANK CORPORATION, Jointly, individually and severally in an amount of the greater of his actual damages or $1,000 00 together with an award of costs, interest and attorney fees so wrongfully incurred.

## COUNT VII
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

60.   Plaintiff herein adopts and incorporates by reference each and every allegation contained above inclusive as though set forth more fully herein.

61.   One or all of the Defendants, Bank of America, NA, BAC Home Loans Servicing, LP, Nationsbanc Mortgage Corporation, Nationsbank Corporation, posted to Plaintiff's credit history a delinquency and a negative report.

62.   Plaintiff posted a dispute to the trade lines as reported by the Defendants on the Plaintiffs consumer credit file pursuant to 15 USC 1681(i)

63.   Upon information and belief, the Defendants of the consumer dispute were notified as required by 15 USC 1681i.

64.   Pursuant to 15 USC 1681s-2b, each of the foregoing defendants were obligated to conduct a reasonable reinvestigation of the Plaintiffs consumer dispute.

65.   All of the above referenced Defendants in this count, upon information and belief, failed to conduct a reasonable reinvestigation into this consumer dispute.

66.   All of the Defendants above referenced in this count, negligently failed to review all relevant information available and in connection with its statutory reinveistigation duties.

67.   The aforestated Defendants have each negligently failed to direct the credit reporting agency(s) to delete inaccurate information about the Plaintiff pertaining to being delinquent on this mortgage as required by 15 USC 1681s-2(b)(l)(c).

68.   As a direct and proximate cause of the aforestated Defendants' individual and collective failures to perform their respective duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

69.   Each of the aforestated Defendants is liable to the Plaintiff by a reason of its violation of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys fees pursuant to I5 USC 1681O.

WHEREFORE, Plaintiff, MICHAEL J. GHIACIUC, respectfully prays that this Honorable Court enter a Judgment in his favor and against Defendants, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, NATIONSBANC MORTGAGE CORPORATION, NATIONSBANK CORPORATION, jointly, individually and severally in an amount in excess of twenty five thousand and 00/ 100 ($25,000.00) Dollars as well as treble damages upon the same together with such other and further relief as this Honorable Court deems just and equitable together with an award of costs, interest and attorney fees so wrongfully incurred.

## COUNT VIII
### WILLFULL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FURNISHERS

70.   Plaintiff herein adopts and incorporates by reference each and every allegation contained above inclusive as though fully set forth more herein.

71.   After being informed that the Plaintiff disputed the accuracy of the information it was providing, upon information and belief, Defendants, Bank of America, NA, BAC Home Loans Servicing, LP, Nationsbanc Mortgage Corporation, Nationsbank Corporation, willfully failed to conduct a reasonable reinvestigation of the Plaintiffs dispute.

72.   Upon information and belief, the aforestated Defendants in this count, willfully failed to review all relevant information available to them and provided as required by 15 USC 16815-2(b).

73.   Upon information and belief, the aforestated Defendants willfully failed to direct and delete inaccurate information about the Plaintiff pertaining to the alleged delinquent mortgage as required by 15 USC 1681s-2(b).

74.   Upon information and belief, as a direct and proximate result and cause of said Defendants' willful failures to perform their duties under the FCRA, the Plaintiff has suffered damages, including but not limited to mental anguish and suffering, humiliation and embarrassment.

75.   Upon information and belief, each of the aforestated Defendants are liable to the Plaintiff for either statutory damages or actual damages he has suffered and/or sustained by reason of their respective violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys fees pursuant to 15 USC 1681n.

WHEREFORE, Plaintiff, MICHAEL J. GHIACIUC, respectfully prays that this Honorable Court enter a Judgment in his favor and against Defendants, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, NATIONSBANC MORTGAGE CORPORATION, NATIONSBANK CORPORATION, jointly, individually and severally for the greater of the statutory or actual damages together with an award of costs, interest and attorney fees so wrongfully incurred.

### COUNT IX
### MICHIGAN COLLECTION PRACTICES VIOLATION

76.   Plaintiff herein adopts and incorporates by reference each and every allegation contained above inclusive as though set forth more fully herein.

77.   Defendants, Defendants, Bank of America, N.A., BAC Home Loans Servicing, L.P., Nationsbanc Mortgage Corporation, Nationsbank Corporation are a "Collection Agency" as defined at MCL 445.251(b).

78.   The aforestated Defendants have willfully violated MCL 445.252(c), MCL 445.252(f) and MCL 445.252(n) by making several misrepresntations to the Plaintiff.

79.   Pursuant to MCL 445.257, the Plaintiff is entitled to treble damages or $150.00 whichever is greater, along with an award of attorney's fees and costs incurred

WHEREFORE, Plaintiff, MICHAEL J. GHIACIUC, respectfully prays that this Honorable Court enter a Judgment in its favor and against Defendants, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, NATIONSBANC MORTGAGE CORPORATION, NATIONSBANK CORPORATION, jointly, individually and severally in an amount for three times all damages suffered by the Plaintiff together with an award of costs, interest and attorney fees so wrongfully incurred.

### COUNT X
### CIVIL CONSPIRACY

80.   Plaintiff herein adopts and incorporates by reference each and every allegation contained above inclusive as though set forth more fully herein.

81.   Defendants acted in a concerted manner, in combination of two or more persons or entities to accomplish an unlawful purpose or to

accomplish a lawful purpose by unlawful means through the commission of the above and below referenced torts.

82.   As a direct and proximate cause of said civil conspiracy, Defendants caused Plaintiff damages, including the wrongful inclusion of costs and attorney fees.

WHEREFORE, Plaintiff, MICHAEL J. GHIACIUC, respectfully prays that this Honorable Court enter a Judgment in its favor and against Defendants, BANK OF AMERICA,N.A., BAC HOME LOANS SERVICING, LP, NATIONSBANC MORTGAGE CORPORATION, NATIONSBANK CORPORATION, jointly, individually and severally in an amount in excess of twenty five thousand and 00/100 ($25,000.00) Dollars as well as exemplary damages upon the same together with such other and further relief as this Honorable Court deems just and equitable together with an award of costs, interest and attorney fees so wrongfully incurred.


Dated:  March 4, 2013
Amended Date:  May 17, 2013
                    **VERIFICATION AND AFFIDAVIT**
I declare and verify that the above facts and allegations are true and correct to the best of my information and belief.

_Michael J. Ghiaciuc_
Michael J. Ghiaciuc
Subscribed and sworn to before me
This 5th day of March, 2013
Notary Public _Joseph H McKoan IV_

County of St. Clair,
State of Michigan

My Commission Expires: 11/2/2014


                         **JURY DEMAND**
NOW COMES, Plaintiff, MICHAEL J. GHIACIUC, by and through his attorney and hereby demands a trial by jury of all issues and causes stated in any complaint, answer thereto, counter complaint, answer thereto, cross complaint, answer thereto, third party complaint, answer thereto and any amendment thereof as well as all affirmative and special defenses.

Respectfully submitted,

Law Offices of McKoan, McKoan & McKoan
By: Joseph H. McKoan IV(P55642)
Attorney for Plaintiff
8061 Marsh Road
P.O. Box 312
Algonac, MI 48001
810-794-9379

Bank of America
MAY 24 2013
Legal Department

7009 0820 0001 8082 6052

Bank of America
Corporate Headquarters
100 North Tryon Street
Charlotte, NC 28202

McKoan, McKoan & McKoan
Attorneys & Counselors at Law
8061 Marsh Road
P.O. Box 312
Algonac, MI 48001

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X      ☐ Agent   ☐ Addressee <br> B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to: <br><br> Bank of America <br> Corporate Headquarters <br> 100 North Tryon St. <br> Charlotte, NC <br>          28202 | D. Is delivery address different from item 1? ☐ Yes <br>     If YES, enter delivery address below: ☐ No <br><br><br> 3. Service Type <br> ☐ Certified Mail    ☐ Express Mail <br> ☐ Registered       ☐ Return Receipt for Merchandise <br> ☐ Insured Mail     ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)     ☐ Yes |
| 2. Article Number <br> (*Transfer from service label*) <br> 7009 0820 0001 8082 6052 | |
| PS Form 3811, February 2004     Domestic Return Receipt | 102595-02-M-1540 |



USPS packaging products have been awarded Cradle to Cradle Certification™ for their ecologically intelligent design. For more information go to cradletocradle.com/usps or usps.com/environment.

This Package has been X-RAYED

When used internationally
affix customs declarations

RTE 13
MSG: NC1-027-2005
LEGAL DEPT

CRBR : USPS
TRK# : EI652042580US
RCVD : 05/23/2013

TO : LEGAL DEPT
PH :
BDG :                FLR:

EXTREMELY URGENT    Please Rush To Addressee

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

PLEASE PRESS FIRMLY

Legal Size Envelope
For Domestic and International Use

Visit us at usps.com

Schedule package pickup right from your home or office at usps.com/pickup

Print postage online - Go to usps.com/postageonline

PLEASE PRESS FIRMLY

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

Addressee Copy

Post Office To Addressee

TO: (PLEASE PRINT)   PHONE (       )
Bank of America
Corporate Headquarters
100 North Tryon Street
Charlotte, NC 28202

FROM: (PLEASE PRINT)   PHONE (       )
Wickorn Law
P.O. Box 312
Ahsahka, WA 48001

FOR PICKUP OR TRACKING
Call 1-800-222-1811
Go to WWW.USPS.com

EP13L v2 041608   JUNE 2008 © U.S. POSTAL SERVICE

UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HON.PATRICK J.DUGGAN
CIVIL NO.11-13274

MICHAEL J. GHIACIUC,

     Plaintiff(s),

-v-

D&D INNOVATIONS, INC., ET.AL

     Defendant(s).

_____/

FINAL
ORDER OF DISMISSAL

At a session of said Court, held in the
United States Courthouse, in the City of
Detroit, State of Michigan onMay 2, 2013.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Due notice of an Order to Show Cause why the above case should not be dismissed

for lack of progress pursuant to Local Rule 41.2 has been sent to counsel of record.  The

Court has received no response; therefore

IT IS HEREBY ORDERED that the above-entitled action be, and hereby is

DISMISSED.

          s/Patrick J. Duggan_____
          Patrick J. Duggan
          United States District Judge

Dated:  May 2, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record
on May 2, 2013, by electronic and/or ordinary mail.

          s/Marilyn Orem_____
          Case Manager

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. GHIACIUC,                         Case No. 2:11-cv-13274

      Plaintiff,                            Hon. Patrick J. Duggan
                                             Magistrate Judge Mona K. Majzoub
v.

BANK OF AMERICA, N.A., a foreign
corporation, BAC HOME LOANS
SERVICING, L.P., a foreign limited
partnership, BALBOA INSURANCE
COMPANY, a foreign corporation,
MERITPLAN INSURANCE COMPANY,
a foreign corporation, NATIONSBANC
MORTGAGE CORPORATION, a foreign
corporation, NATIONSBANK
CORPORATION, a foreign corporation,
D&D INNOVATIONS, INC., a Michigan
dissolved corporation, ORLANDO C.
ROBINSON, TROTT& TROTT, P.C., a
Michigan Professional Service
Corporation, Jointly, severally and
individually,

      Defendants.

---

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    This action involves fourteen counts relating to a residential mortgage and centers

on the placement of a homeowner's insurance policy on the Plaintiff's property by the

mortgagee of record.  Presently before the Court is the Banking Defendants' Motion for

Summary Judgment, filed electronically with the Court on July 27, 2012.  *See* Notice of

1

Removal, 5, ECF No. 1.  Plaintiff's counsel received an email notification regarding the filing on the same date.  This Court previously sent notice to the parties advising them of the provisions of Eastern District of Michigan Local Rule 7.1(d)(1)(B), which provides: "[a] response to a dispositive motion must be filed within 21 days after service of the motion."  *See* Notice Regarding Mot. Practice, Apr. 2, 2012, ECF No. 29.  Nonetheless, and in spite of a notice sent to the parties on August 22, 2012, *see* ECF No. 41, scheduling a hearing on the Banking Defendants' motion, Plaintiff never filed a response.  Accordingly, on September 6, 2012, the Court determined that oral argument would not significantly aid the decisional process and thus issued a notice informing the parties that it was dispensing with oral argument pursuant to Local Rule 7.1(e)(2).  *See* ECF No. 42.  For the reasons below, the Court shall grant the Banking Defendants' motion.

## I.   PROCEDURAL BACKGROUND

Plaintiff Michael Ghiaciuc filed the instant suit in state court naming multiple defendants and alleging fourteen violations of federal and state law in connection with the administration of a residential mortgage.  *See* Compl.  Defendants filed a timely petition to remove the action based on federal question jurisdiction, which the Court granted.  The Court Clerk processed Entries of Default on January 23, 2012, as to Defendants D&D Innovations, Inc. and Orlando C. Robinson, *see* ECF No. 23-24, and Defendant Trott & Trott has been terminated after succeeding on an unopposed motion to dismiss, *see* Order Granting Mot. Dismiss, May 15, 2012, ECF. No. 33.  The defendants filing the present motion, referred to collectively as the "Banking Defendants," include: (1) Bank of America, N.A. ("BANA"), individually and as successor by merger to BAC

2

Home Loans Servicing, L.P. and NationsBanc Mortgage Corporation; (2) Bank of America Corporation ("BAC"), as successor by merger to NationsBank Corporation; (3) Balboa Insurance Company ("Balboa"); and (4) MeritPlan Insurance Company ("MeritPlan").

On July 27, 2012, the Banking Defendants, by and through their attorneys, moved for summary judgment on all of the counts: "Injunctive Relief" (Count I); "Intentional Interference with Quiet Enjoyment of Property" (Count II); "Breach of Contract" (Count III); "Wrongful Foreclosure" (Count IV); "Trespass" (Count V); "Fair Debt Collection Practices Act Violation" (Count VI); "Negligent Violation of the Fair Credit Reporting Act" (Count VII); "Willfull [*sic.*] Violation of the Fair Credit Reporting Act by Furnishers" (Count VIII); "Michigan Collection Practices Violation" (Count IX); "Civil Conspiracy" (Count X); "RICO Act Violation" (Count XI); "Intentional Infliction of Emotional Distress" (Count XII); "Fraud" (Count XIII); and "Intentional Interference with Contractual Relationship" (Count XIV).

Local Rule 7.1(d) provides that a response to a dispositive motion must be filed within twenty-one days after service of the motion. Although the time permitted under this rule expired on August 17, 2012, Plaintiff has not, as of this date, filed a response to the pending motion nor shown any proclivity to do so.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 instructs courts to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2012). A court

assessing the appropriateness of summary judgment asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986)).

The initial burden of proving the absence of a genuine dispute rests with the movant, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986), who "must support the assertion by: (A) citing to particular parts of materials in the record…; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact[,]" Fed. R. Civ. P. 56(c)(1)(A)-(B).   While this inquiry requires the court to construe factual disputes, and the inferences there from, in the light most favorable to the non-moving party, only disputes over facts that might affect the outcome of the suit preclude the entry of summary judgment. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.

If the moving party discharges their initial burden using the materials specified in Federal Rule of Civil Procedure 56(c), the burden of defeating summary judgment shifts to the nonmovant who must point out specific material facts – beyond the pleadings or mere allegation – which give rise to a genuine issue of law for trial. *Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514.  A mere scintilla of evidence supporting the nonmovant's claim will not preclude summary judgment; rather, there must be evidence on which a

4

jury could reasonably find for the nonmovant. *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011).

Moreover, if, "after adequate time for discovery and upon motion," the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case[] and on which that party will bear the burden of proof at trial[,]" a court should enter summary judgment in favor of the moving party. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552. When this occurs, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* 477 U.S. at 323, 106 S. Ct. at 2552. Thus, if the nonmovant does not support the elements of a claim or defense, the moving party is "entitled to judgment as a matter of law."

When, as here, the nonmoving party has not filed a response opposing the motion, a court's analysis varies slightly. In providing guidance on this situation, the Sixth Circuit announced that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that [they have satisfied their initial burden of production]." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 410 (6th Cir. 1992) ("[T]he court must review carefully those portions of the submitted evidence designated by the moving party."). Needless to say, "[n]either the trial nor appellate court . . . will sua sponte comb the record from the partisan perspective of an advocate for the non-moving party. Rather, in the reasoned exercise of its judgment the

5

court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Guarino*, 980 F.2d at 410.

### III.   UNCONTROVERTED FACTS

On September 28, 1998, Plaintiff and his then-wife Bethany Ghiaciuc obtained a $75,000 loan from Washtenaw Mortgage Co. ("Washtenaw") and executed a promissory note evidencing the loan. *See* Compl. ¶ 15; Def.'s Mot. Summ. J. 1-2. As security for the loan, Plaintiff granted a mortgage to Washtenaw on real property located in Algonac, Michigan ("the Property"), which was recorded with the St. Clair County Register of Deeds on October 1, 1998. *See* Compl. ¶ 15; Def.'s Mot. Summ. J. 2. On October 10, 1998, Washtenaw assigned the mortgage to NationsBanc Mortgage Corp. ("NationsBanc"), which was recorded in June of 1999. *See* Def.'s Mot. Summ. J. 2, Attach. 2 to Ex. A. BANA, as successor by merger to NationsBanc, is the servicer of Plaintiff's mortgage loan. *See* Def.'s Mot. Summ. J. 2.

Pursuant to the terms of the mortgage, Plaintiff was required to maintain homeowner's insurance on the Property and to provide the mortgagee of record, here BANA, sufficient documentation of the policy. *See* Mortgage, Def.'s Mot. Summ. J., Attach. 2 to Ex. A, ¶ 5. Despite sending a letter to Plaintiff, which Plaintiff received, labeled "IMPORTANT INSURANCE INFORMATION NEEDED" on May 10, 2010, requesting a copy of the homeowner's policy, and a follow-up letter dated May 24, 2010, reiterating the request, BANA did not receive any evidence of the policy until February

2011. *See* Def.'s Mot. Summ. J., May 10, 2010 Letter, Attach. 4 to Ex. A; May 24, 2010 Letter Attach. 5 to Ex. A; Ex. B, Ghiaciuc Dep. 47:9-16.

In July 2010, before Plaintiff submitted any evidence of the insurance policy, BANA placed a one-year insurance policy from Balboa on the Property, sending notice to Plaintiff regarding how to have the insurance policy removed. *See* Def.'s Mot. Summ. J., July 1, 2010 Letter, Attach. 6 to Ex. A. The insurance coverage caused Plaintiff's monthly mortgage payment to increase. *See* Def.'s Mot. Summ. J., Aug. 9, Letter, Attach. 7 to Ex. A. Although on notice of BANA's actions and of the payment increase, Plaintiff admits that a full payment on the Note has not been made since October 2010. *See* Def.'s Mot. Summ. J., Ex. B, Ghiaciuc Dep. 68:20-69:19. This failure to pay resulted in Plaintiff's default and BANA's decision to accelerate the total amount due. *See* Def.'s Mot. Summ. J., Diaz Dec., Ex. A, ¶ 8. When the debt was not paid in full, BANA informed Plaintiff of its intent for foreclose.

## IV.   DISCUSSION

For the reasons stated below and more fully elucidated in the Banking Defendants' Motion for Summary Judgment and supporting Brief, the Court shall grant the Banking Defendants' Motion for Summary Judgment and dismiss all claims in the present action.

**A.   Claims Failing as a Matter of Law**

The Court grants the Banking Defendants' Motion for Summary Judgment on Counts I ("Injunctive Relief"), II ("Intentional Interference with Quiet Enjoyment of Property"), VI ("Fair Debt Collection Practices Act Violation"), IX ("Michigan Collection Practices Violation"), X ("Civil Conspiracy"), XI ("RICO Act Violation"),

XII ("Intentional Infliction of Emotional Distress"), XIII ("Fraud"), and XIV

("Intentional Interference with Contractual Relationship"). These counts fail as a matter

of law due to Plaintiff's failure to point to evidence establishing elements essential to

each cause of action on matters which Plaintiff would have shouldered the burden of

proof at trial. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

*1.*      ***Plaintiff's Claim for Injunctive Relief (Count I) Fails as a Matter of Law.***

The Banking Defendants note that Count I does not state a claim because

injunctive relief is an equitable remedy, not an independent cause of action. *See* Def.'s

Mot. Summ. J. 6 (citing *Terlecki v. Steward*, 278 Mich. App. 644, 663, 754 N.W.2d 899,

912 (2008) (citations omitted)). Because Plaintiff has not demonstrated an entitlement to

any form of relief on any of the counts contained in his Complaint, the Court grants

summary judgment on Count I, which sought injunctive relief based upon those claims.

*2.*      ***Plaintiff's Claim for Intentional Interference with Quiet Enjoyment of Property (Count II) Fails as a Matter of Law.***

Plaintiff's Complaint alleges that the Banking Defendants' "wrongful effort to

dispossess" Plaintiff by foreclosure constitutes an intentional interference with the quiet

enjoyment of his property. Compl. ¶ 92. Pursuant to general principles of property law,

however, "the covenant of quiet enjoyment is breached only when the *landlord*

'obstructs, interferes with, or takes away from the tenant in a substantial degree the

beneficial use of the *leasehold.*'" *D&T Const. Co. v. McVickers Shelby, L.L.C.*, No. 06-

10533, 2006 U.S. Dist. LEXIS 90015, at *10 (E.D. Mich. Nov. 28, 2006) (emphasis

added) (citing *Slatterly v. Madiol*, 257 Mich. App. 242, 258, 668 N.W.2d 154, 164

(2003)).[1]  Plaintiff does not possess a leasehold interest and is not suing the landowner; rather, as the facts of the case suggest, Plaintiff is a mortgagor.  Without establishing the predicate landlord-tenant relationship, which Plaintiff cannot do, there can be no breach of the covenant of quiet enjoyment.  As such, Count II fails as a matter of law.

### 3.   *Plaintiff's FDCPA Claim (Count VI) Fails as a Matter of Law*

Count VI of Plaintiff's Complaint alleges that BANA and BAC violated the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 *et seq.* (2012). *See* Compl. ¶¶ 114-16.  As an initial matter, "[l]iability under the Act can only attach to those defendants who meet the definition of 'debt collector.'" *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 677 (E.D. Mich. 2010); *see also Partlow v. Aurora Loan Servs., L.L.C.*, No. 11–12940, 2012 U.S. Dist. LEXIS 410, at *15-16 (E.D. Mich. Jan. 4, 2012) ("It is well settled that the provisions of the FDCPA apply only to professional debt collectors, not creditors or mortgagors.") (citations omitted).  Neither BANA nor BAC satisfies this definitional threshold thus rendering the FDCPA inapplicable to the instant action.

BANA, as the servicer of the mortgage at issue, is exempted from the statutory definition of a "debt collector"; the FDCPA specifically excludes "(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F)(iii) (2012).  Insofar as

---

[1] Interestingly, Plaintiff's counsel represented the plaintiff in *D&T Construction* and this Court will assume that counsel read Judge Battanti's opinion.

Plaintiff was not in default when BANA acquired its interest in the loan, the FDCPA does not apply to BANA's actions.

The Banking Defendants contend, with supporting documentation, that BAC (a bank holding company) never attempted to collect anything from Plaintiff because BAC never possessed an interest of any type in the Property. *See* Def.'s Mot. Summ. J. 14, Ex. F. Plaintiff has not refuted this evidence. Without attempting to collect anything from Plaintiff, this Court cannot envision how BAC could fall within the purview of an act regulating collectors of debt.

For these reasons, the Court grants the Banking Defendants' Motion for Summary Judgment as to Count VI.

### 4. *Plaintiff's Michigan Collection Practices Act Claim (Count IX) Fails as a Matter of Law.*

As discussed in the immediately preceding section, Plaintiff's MCPA claim as to BAC fails as a matter of law because Plaintiff has failed to persuade the Court that BAC attempted to collect anything from Plaintiff. The Court finds Plaintiff's MPCA claim against BANA similarly unavailing. Even if all of the allegations in the Plaintiff's Complaint are true and even if Plaintiff could demonstrate that BANA is a "regulated person" within the meaning of the statute, Mich. Comp. Laws § 445.251(g), Plaintiff has failed to come forward with any evidence even suggesting that BANA violated the MCPA provisions alleged in his Complaint. Because Plaintiff would bear the burden of proof at trial and has not refuted the Banking Defendants' suggestion that no such

evidence exists, the Court grants the Banking Defendants' Motion for Summary Judgment as to Count IX.

5.    *Plaintiff's Civil Conspiracy Claim (Count X) Fails as a Matter of Law.*

"A civil conspiracy, by itself, is not a cognizable claim but is defined by the tort that constitutes the underlying theory of liability." *Partlow*, No. 11-12940, 2012 U.S. Dist. LEXIS 410, at *15 (citing *Mekani v. Homecomings Fin., L.L.C.*, 752 F. Supp. 2d 785, 789 n.2 (E.D. Mich. 2010) (citation omitted)); *Robbins v. Mortgage Elec. Registration Sys., Inc.*, No. 09-CV-295, 20009 U.S. Dist. LEXIS 104101, at *15 (E.D. Mich. Nov. 9, 2009) ("[A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort.") (citation and quotation omitted).  As explored more fully below, Plaintiff's underlying tort claims fail as a matter of law.  This failure mandates that the Court grant the Banking Defendants' Motion for Summary Judgment as to Count X.

6.    *Plaintiff's RICO Claim (Count XI) Fails as a Matter of Law.*

One of several elements a plaintiff asserting a RICO claim must prove is the existence of an enterprise.  *See, e.g.*, *United States v. Johnson*, 440 F.3d 832, 839-40 (6th Cir. 2006).  The documents submitted with the Plaintiff's Complaint do not support a finding that the Banking Defendants constituted an enterprise.  No documents submitted by Plaintiff mention MeritPlan by name and the only documents that mention Balboa relate to the cancellation of the lender-placed insurance policy.  *See* Def.'s Mot. Summ. J. 20.  All of the documents BANA sent to Plaintiff relate to the servicing of Plaintiff's loan and the placement of the homeowner's policy on the Property.  *Id.* 20-21.  Lastly, BAC

has no interest in the property. Insofar as Plaintiff has failed to point to any evidence supporting the existence of an enterprise – an essential element of the claim – the Court grants the Banking Defendants' Motion for Summary Judgment as to Count XI.

### 7. *Plaintiff's Intentional Infliction of Emotional Distress Claim (Count XII) Fails as a Matter of Law.*

To prevail on a claim of intentional infliction of emotional distress, Plaintiff must show evidence of: (1) conduct by the defendant that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society[,]" (2) the defendant's intent or recklessness, (3) causation, and (4) the plaintiff's severe emotional distress. *Robbins*, No. 09-CV-295, 20009 U.S. Dist. LEXIS 104101, at *22 (citing *Walsh v. Taylor*, 263 Mich. App. 618, 634, 689 N.W.2d 506, 517 (2004) (quotation omitted)).

Here, the essence of Plaintiff's argument is that the Banking Defendants breached the mortgage contract with him in various ways, disparaged his credit history, and purportedly trespassed and attempted to break into the Property. *See Compl.* ¶ 146. Even if true, this type of activity does not rise to the level of conduct necessary to satisfy the high standard for an intentional infliction of emotional distress claim. *Cf. Ursery v. Option One Mortgage Corp.*, No. 271560, 2007 Mich. App. LEXIS 1861, at *48 (Mich. Ct. App. July 31, 2007). Because no reasonable jury could regard the Banking Defendants' conduct as either extreme or outrageous, summary judgment as to Count XII is appropriate as a matter of law.

**8.      *Plaintiff's Fraud Claim (Count XIII) Fails as a Matter of Law.***

To prevail on a fraud claim, a plaintiff is required to prove: (1) that the defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976) (internal quotations omitted).   Plaintiff has failed to identify any fraudulent representations by *any* of the four Banking Defendants and has not explained how these representations induced Plaintiff's reliance.  Because Plaintiff cannot establish the requisite elements to maintain a fraud action, Plaintiff's claim fails as a matter of law and the Court grants summary judgment as to Count XIII.

**8.      *Plaintiff's Intentional Interference with Contractual Relationship Claim (Count XIV) Fails as a Matter of Law.***

Plaintiff alleges that the Banking Defendants intentionally interfered with Plaintiff's contractual relationship with BAC under the Note and Mortgage by placing homeowner's insurance on the Property. *See* Compl. ¶¶ 157-62.  To prevail on a claim for tortious interference with a contractual relationship, a plaintiff must prove: "(1) a contract; (2) a breach; and (3) instigation of the breach without justification by the defendant." *Servo Kinetics, Inc. v. Tokyo Precision Instruments, Co.*, 475 F.3d 783, 800 (6th Cir. 2007).  Of greatest consequence to the instant action, a plaintiff must also prove "that the defendant was a 'third-party' to the contractual relationship." *Id; see also Willis*

13

*v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 396 (E.D. Mich. 2000) ("[A] party cannot tortuously interfere with its own contract.").

Plaintiff's allegations fail as a matter of law with respect to each of the Banking Defendants. As explained elsewhere, BAC has no interest in the property. There is, therefore, no contract between BAC and Plaintiff. Moreover, because BANA is the mortgagee and servicing agent, not a third party to the contractual relationship at issue, no reasonable jury could find that BANA intentionally interfered with the contract.

Lastly, the claim fails as a matter of law with respect to the remaining Banking Defendants, MeritPlan and Balboa. The reason for this is two-fold. First, one who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another. *Formall, Inc. v. Cmty. Nat'l Bank*, 166 Mich. App. 772, 779, 421 N.W.2d 289, 292 (1988) (citation omitted). Placing a homeowner's insurance policy on a property at the mortgagee of record's request does not strike this Court as per se wrongful, malicious, unjustified, or done for the purpose of invading Plaintiff's contractual rights. Plaintiff has not alleged or produced evidence to the contrary. Second, despite Plaintiff's fervent protestations of a contractual breach by BANA, this Court has not uncovered one. Without a breach, a cause of action for intentional interference with contractual relations does not arise.

For the aforementioned reasons, the Court grants the Banking Defendants' Motion for Summary Judgment on Count XIV.

14

**B.      Claims Lacking Evidentiary Support Sufficient to Defeat Defendant's Motion for Summary Judgment**

After careful analysis of the evidence submitted by the moving party, the Court is satisfied that the Banking Defendants have discharged their burden of coming forth with sufficient evidence to support their Motion for Summary Judgment on Counts III ("Breach of Contract"), IV ("Wrongful Foreclosure"), V ("Trespass"), VII ("Negligent Violation of the Fair Credit Reporting Act"), and VIII ("Willfull [*sic.*] Violation of the Fair Credit Reporting Act by Furnishers").   Plaintiff has failed to refute the Banking Defendants' evidence and failed to demonstrate the existence of a genuine dispute as to any material facts purportedly involved in the instant action.  As such, the Court grants the Banking Defendants' Motion for Summary Judgment as to the remaining counts for the reasons below.

*1.      Defendants Have Demonstrated an Entitlement to Summary Judgment on Plaintiff's Claim for Breach of Contract (Count III).*

To prevail on a breach of contract claim, Plaintiff must (1) demonstrate the existence of a valid contract, (2) establish the contract's terms, (3) present evidence of a breach of those terms, and (4) show an injury causally related to that breach.  *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999).  Plaintiff claims that BANA breached the mortgage by "impermissibly delegating duties…to other Defendants and/or seeking to have those Defendants commit a felony."  *See* Compl. ¶ 98.  Plaintiff, however, does not know what duties were delegated impermissibly, who sought to have a felony committed, or what felony the Defendants hoped to accomplish.  *See* Def.'s Mot. Summ. J., Ex. B, Ghiaciuc Dep. 71-72.  To the extent that Plaintiff bases the alleged

15

breach on BANA's placement of a homeowner's insurance policy on the Property, the claim fails. The mortgage agreement gave BANA the authority to protect its security interest by placing insurance on the property if Plaintiff failed to produce satisfactory evidence of the policy. *See* Def.'s Mot. Summ. J. 9; Mortgage, Attach. 2 to Ex. A, ¶ 5.

The Court is satisfied that the Banking Defendants have supported their position that a breach never occurred. Plaintiff has not offered any evidence to create a genuine issue of material fact in support of the breach of contract claim. Thus, the Court grants Banking Defendant's Motion for Summary Judgment as to Count III.

## 2. *Defendants Have Demonstrated an Entitlement to Summary Judgment on Plaintiff's Claim for Wrongful Foreclosure (Count IV).*

Plaintiff's Complaint alleges that the Banking Defendants, both insurance companies included, wrongfully foreclosed on the property and violated the Michigan foreclosure by advertisement statute. *See* Compl. ¶¶ 101-07. Plaintiff appears to suggest that he would not have defaulted had the Banking Defendants not wrongfully placed the homeowner's insurance policy on the Property. The Court, however, is satisfied that Plaintiff defaulted on the mortgage thus providing Defendants with the requisite justification to foreclose on the Property pursuant to the mortgage agreement. Plaintiff has not responded or offered any evidence to establish a genuine issue of material fact in support of this claim. Accordingly, the Court grants the Banking Defendants' Motion for Summary Judgment as to Count IV.

16

3.   **Defendants Have Demonstrated an Entitlement to Summary Judgment on Plaintiff's Trespass Claim (Count V).**

Plaintiff alleges that BANA and BAC caused someone to trespass onto the Property. *See* Compl. ¶ 110. BANA and BAC, on the other hand, have produced Plaintiff's deposition testimony wherein Plaintiff admits that he never saw anyone on the Property, as initially alleged in the Complaint. *See* Def.'s Mot. Summ. J. 12, Ex. B, Ghiaciuc Dep. 84:17-85:3; Compl. ¶ 73. Defendants have also rightly pointed out that Plaintiff produced no evidence during discovery suggesting that the alleged trespass ever transpired. Because Plaintiff has produced no evidence beyond mere allegation and because Plaintiff would bear the burden of establishing the requisite elements of a trespass at trial, the Court grants the Banking Defendants' Motion for Summary Judgment as to Count V.

4.   **Defendants Have Demonstrated an Entitlement to Summary Judgment on Plaintiff's FCRA Claims (Counts VII and VIII).**

The Fair Credit Reporting Act ("FCRA") delineates the obligations of those who furnish information to credit reporting agencies ("CRA"). 15 U.S.C. § 1681s-2(b) (2012). While BANA meets the definition of a "furnisher of information" subject to the FCRA, the duties imposed upon furnishers of information do not arise until the furnisher receives notice directly from a CRA that a borrower has disputed the veracity of information reported by the furnisher. *Id.*; *Kovacs v. JPMorgan Chase & Co.*, No. 09-10862, 2010 U.S. Dist. LEXIS 4138, at *8-9 (E.D. Mich. Jan. 20, 2010). The essential element of a violation of this FCRA provision is that the furnisher of information received this notice from a CRA. *Kovacs*, No. 09-10862, 2010 U.S. Dist. LEXIS 4138, at

17

*8-9. This element is essential because a plaintiff only has a cause of action *after* a furnisher of information is given notice *if* the furnisher of information fails to conduct a reasonable investigation. *Id.* BANA challenges Plaintiff's ability to provide any evidence that Plaintiff ever made a report to a CRA or that BANA ever received notice from the CRA. *See* Def.'s Mot. Summ. J. 15. Despite this challenge, Plaintiff failed to produce any evidence that either event occurred, either in response to the Banking Defendants' request for production or by opposing the present motion. Without substantiating the occurrence of these essential elements, Plaintiff simply cannot show that BANA's duty was ever triggered. As such, Plaintiff's FRCA claim fails as to BANA for want of establishing an essential element of the cause of action.

The claims against BAC, an entity with no interest in the Property, meet a similar fate as Plaintiff has not persuaded the Court that the FRCA applies. Accordingly, the Court grants the Banking Defendants' Motion for Summary Judgment on Counts VII and VIII.

## V.   CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that the Banking Defendants are entitled to summary judgment with respect to all of Plaintiff's claims.

Accordingly,

**IT IS ORDERED** that the Banking Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's claims as to Bank of America, N.A., Bank of America Corporation, MeritPlan Insurance Company, and Balboa Insurance Company are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.


Date:  September 18, 2012                s/PATICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE


Copies to:

Robert A. Kuhr, Esq.
Brian C. Summerfield, Esq.
Trevor M. Salaski, Esq.

# EXHIBIT 2

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB COUNTY

MICHAEL J. GHIACIUC,

       Plaintiff,

v.

                                      Case No. 13-0926

BANK OF AMERICA, N.A., a foreign        Hon. Edward A. Servitto
corporation, BAC HOME LOANS
SERVICING, LP, a foreign limited
partnership, NATIONSBANC
MORTGAGE CORPORATION,
NATIONSBANK CORPORATION,
both foreign corporations, FANNIE
MAE a/k/a FEDERAL NATIONAL
MORTGAGE ASSOCIATIONS, Jointly
and Severally,

       Defendants.

---

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Clerk of Court
        Macomb County Circuit Clerk
        Honorable Edward A. Servitto

PLEASE TAKE NOTICE that the Notice of Removal to Federal Court of the above-captioned action from the Macomb County Circuit Court by all defendants to the United States District Court for the Eastern District of Michigan, Southern Division, a copy of which is attached hereto, was electronically filed on June 21, 2013 in the United States District Court for the Eastern District of Michigan, Southern Division.

Dated: June 21, 2013

Detroit_1317911_1

Respectfully submitted,

BODMAN PLC

By:

Trevor M. Salaski (P74703)
6th Floor at Ford Field
1901 St. Antoine
Detroit, MI 48226
313.259.7777
*Attorneys for Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP*

## Certificate of Service

I hereby certify that on June 21, 2013, I filed the foregoing paper with the Clerk of the

Court and I served the foregoing paper via U.S. Mail to:

Joseph H. McKoan IV
Law Offices of McKoan, McKoan & McKoan
8061 Marsh Road
PO Box 312
Algonac, MI 48001
*Counsel for Plaintiff*

Dawn Bean